UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAVARISS HORNE,

      Petitioner,

v.                                         CASE NO. 6:07-cv-32-Orl-31KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

      Respondents.

_____

**<u>ORDER</u>**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a  response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 11).  Petitioner filed a reply to the response (Doc. No. 14).

Petitioner alleges two claims for relief in his habeas petition: (1) trial counsel rendered ineffective assistance by failing to advise him that he could not be liable for the independent acts of his co-defendants, and (2) trial counsel rendered ineffective assistance by failing to advise him that he could not be charged with armed burglary of a dwelling based on the theft of a safe containing a firearm.  For the following reasons, the petition is denied.

## I.      Procedural History

Petitioner was charged with sixteen offenses in six separate cases as follows: (a) case number 2002-01887CFAWS, (1) possession of a firearm by a felon; (2) aggravated assault of a police officer with a firearm; (3) armed burglary; (b) case number 2003-00215CFAWS, (4) dealing in stolen property; (c) case number 2003-00216CFAWS, (5) burglary of a dwelling; (d) case number 2003-01113CFAWS, (6) principal to robbery with a firearm; (7)-(8) two counts of principal to false imprisonment; (9) principal to aggravated battery with a firearm; (e) case number 2003-01114CFAWS, (10) principal to robbery with a firearm; (11)-(14) four counts of principal to false imprisonment; (15) principal to aggravated battery with a firearm; and (f) case number 2004-000887CFAWS, (16) felony failure to appear.  On August 9, 2004, Petitioner entered a plea of guilty to all charges.  The trial court sentenced Petitioner to the following terms of imprisonment: (1) thirty-five years each for two counts of principal to robbery with a firearm and one count of armed burglary; (2) fifteen years each for one count of burglary of a dwelling, two counts of principal to aggravated battery with a firearm, one count of possession of a firearm by a felon, one count of aggravated assault of a police officer with a firearm, and one count of dealing in stolen property; and (3) five years each for one count of felony failure to appear and six counts of principal to false imprisonment.  All sentences were ordered to run concurrently.  Petitioner did not appeal his convictions or sentences.

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure.  The state trial court denied the motion, and

Petitioner appealed.  The Fifth District Court of Appeal of Florida *per curiam* affirmed and denied Petitioner's motion for rehearing.

## II.    Legal Standards

### A.    Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider."  *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).  The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.  Under the 'unreasonable application' clause, a

> federal habeas court may grant the writ if the state court identifies the correct
> governing legal principle from [the United States Supreme Court's] decisions
> but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B.      Standard for Ineffective Assistance of Counsel**

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted), *cert. denied*, 514 U.S. 1131 (1995). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III.   *Analysis*

In claim one, Petitioner asserts that trial counsel rendered ineffective assistance by failing to advise him that, pursuant to the independent act doctrine, he could not be liable for the independent acts of his co-defendants. In claim two, Petitioner contends that trial counsel rendered ineffective assistance by failing to advise him that he could not be

charged with armed burglary of a dwelling based on the theft of a safe containing a firearm.  Petitioner maintains that counsel's failure to advise him of the applicability of the independent act doctrine and the potential defense to armed burglary resulted in his plea being unknowing and involuntary.

The Eleventh Circuit has indicated as follows:

> A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process:  If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.

*Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991) (quotation omitted) (citation omitted).

In the instant case, Petitioner was advised of the charges against him, the applicable penalties, and that by pleading guilty he would waive his right to trial.  (App. A at 1-10.) Petitioner stated under oath that he understood the charges, penalties, and consequences of pleading guilty.  *Id.* at 8, 10.  Petitioner also stated that he discussed his plea agreement with his counsel.  *Id.* at 10.  Thus, the plea was voluntary unless Petitioner establishes that he was misadvised by his trial counsel prior to entering his plea.

In his Rule 3.850 motion, Petitioner asserted that the independent act doctrine served as a defense to his convictions for two counts of principal to robbery with a firearm, six counts of principal to false imprisonment, and two counts of principal to aggravated battery with a firearm.[1]  *See* App. D at 11-13.  Petitioner also challenged his conviction for

---

[1] These convictions stemmed from case numbers 2003-01113CFAWS and 2003-01114CFAWS.

armed burglary[2] based on the State's reliance on the firearm contained in a safe Petitioner stole to establish that he was armed during the burglary. *Id* at 9-10. Applying *Strickland* and *Hill*, the state court denied relief on both claims. *See* App. E.

In denying the independent act doctrine claim, the state court explained that the doctrine "arises when one cofelon, who previously participated in a common plan, does not participate in acts committed by his cofelon, 'which fall outside of, and are foreign to, the common design of the original collaboration.'" (App. E at 4) (quoting *Ray v. State*, 755 So. 2d 604, 609 (Fla. 2000). The state court noted that if the defendant was a willing participant in the underlying felony and the felony resulted from actions which the defendant and his co-defendant put in motion, then the independent act instruction does not apply. *Id.* at 5 (citing *Ray*, 755 So. 2d at 609). The state court determined that the record established that Petitioner acknowledged that he knowingly and voluntarily participated in the robberies by planning them, executing them, and effecting the escape from the final robbery. *Id.* The state court relied on Petitioner's admissions that he and his co-defendants drove around scouting for places to rob and obtained ski masks and gloves to conceal their identities during the robberies. *Id.* The state court concluded, therefore, that Petitioner was a willing participant in both robberies and that the false imprisonment and aggravated assault of the victims during the course of the robberies were the result of actions which Petitioner and his co-defendants put in motion with their common plan. *Id.* Accordingly,

---

[2]This conviction stemmed from case number 2002-1887CFAWS.

the state court determined that the independent act doctrine instruction would not have been warranted.  *Id.*

Likewise, in denying the armed burglary claim, the state court noted that, pursuant to Florida law, burglary of a dwelling is a first degree felony if during the course of the burglary, the perpetrator "is or becomes armed within the dwelling . . . with explosives or a dangerous weapon."  (App. E at 6) (quoting § 810.02(2)(b), Fla. Stat.).  The state court further noted that the theft of a firearm during the commission of a burglary satisfies this statutory language and that a conviction for armed burglary qualifies a re-offending defendant for a mandatory sentence of life as a prison releasee reoffender ("PRR").  *Id.* Based on the record, the state court determined that Petitioner was aware that he qualified as a PRR and that the plea agreement waived the application of the PRR statute.  *Id.*  The state court found that prior to entering his plea Petitioner knew that he had defenses to some of the charges and that he could likely prevail on some of them, but he chose to enter a plea to avoid application of the PRR statute, sentencing enhancements, and minimum mandatory sentences.  *Id.* at 6-7.  The state court reasoned that the charges in case number 2002-01887CFAWS subjected Petitioner to a maximum sentence range of thirty to forty-five years in prison, and even if he had gone to trial and merely been convicted of burglary versus armed burglary, he likely would have received a longer sentence than the one he received pursuant to the plea agreement.  *Id.*  at 7.  The state court concluded, therefore, that Petitioner failed to demonstrate that he was prejudiced by counsel's alleged failure to advise him of the potential defense to the armed burglary charge.  *Id.*

The record supports the state court's determinations.  At the sentencing hearing, Petitioner admitted the role he played in the robberies and the other offenses and other witnesses testified regarding his role in the offenses.  (App. B at 44-48, 65-81.)  This evidence was sufficient for the state court to conclude that the independent act doctrine instruction would not have been warranted.  Additionally, at the plea hearing, Petitioner told the court:

> I want to plead, you know what I mean?  I'm really trying to accept things I did and everything, and I'm sorry for them.  But it's like, all of these charges, it's some I done, I was involved in, and some I wasn't involved in.  But I don't wanna go through loopholes and end up getting life anyways, [sic] you know what I mean, try and beat the charges I didn't do and the charges I was involved with.  It was hard, it's just hard to go in and beat so many ways [sic] and get stuck anyway. . . .

(App. A at 8.)  In response to Petitioner's statement, defense counsel stated that the "plea is as [sic] a result of [Petitioner] initiating it by coming to me and indicating this is what he wanted to do."  *Id*.  Petitioner reiterated at sentencing that the reason he entered the plea was because if he had proceeded to trial he knew he would have been subject to a mandatory term of life in prison if convicted.  *Id*. at 75.  Moreover, defense counsel told the trial court that had the cases proceeded to trial he was "not that sure that the State would have gotten convictions on all of them, *and I told [Petitioner] that, too.  I don't think they would have gotten them all, they might have gotten some, but not them [sic] all.*"  *Id*. at 94-95 (emphasis added).  Thus, it is clear that Petitioner knew the risks he faced if he proceeded to trial and that counsel had informed Petitioner that he could potentially prevail on some of the charges if he proceeded to trial.  The state court's conclusion, therefore, that Petitioner

9

failed to establish that a reasonable probability existed that had he known of the independent act doctrine or the potential defense to armed burglary, then he would not have pled guilty and would have proceeded to trial was not objectively unreasonable or an unreasonable determination in light of the evidence.  Accordingly, these claims are denied pursuant to § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Javariss Horne is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** at Orlando, Florida, this 7th day of July, 2008.

Copies to:
sc 7/7
Counsel of Record
Javariss Horne

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE